### THE STATE v. JAMES QUIGG.

A prisoner cannot be tried by two justices of the peace on a charge for larceny, " without an accusation in writing."

James Quigg, was brought before John L. Harris and Christian Larzalere, two of the justices of the peace of the county of Burlington, on a state warrant issued by the said Christian Larzalere, on the affirmation of George P. Mitchell, charging him with stealing and carrying away a privy house and burning the same ; to which charge he pleaded not guilty. He was asked by the justices, " If he was ready for his trial and if he preferred being tried by them." He answered in the affirmative, and said he was ready, and the justices proceeded, and examined several witnesses and after hearing all the evidence and the defendant, they adjudged him " guilty of the charge and fined him ten dollars and to stand committed until debt and cost be paid."

The proceedings were removed into this court by certiorari ; and now at this term, *Wall* for the defendant, moved to quash the conviction and to reverse the judgment of the justices, because they had tried and convicted the defendant without " an accusation in writing," according to the provisions of the act, *Rev. Laws* 251, *sec.* 32.

Allen *v.* Craig.

BY THE COURT. The act of the legislature requires, that the justices shall cause the clerk of the Court of Quarter Sessions, or such other person as they shall see fit to appoint and direct to prefer to the said justices, an accusation in writing, alleging the time, place and nature of the offence of the prisoner, to which accusation the prisoner shall plead, and on refusal to plead, on trial and conviction, shall suffer and incur by order of the said justices, the punishment, &c. as prescribed by the act. Without noticing any other irregularity, it is manifest, that the justices have not pursued the directions of the act requiring "an accusation in writing," and for this reason let the conviction be quashed and the judgment reversed.